IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| GERALD COLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:16-cv-03081-WTL-MJD |
| | ) | |
| JAMES PERRY and | ) | |
| THE CITY OF INDIANAPOLIS, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Come now James Perry and the City of Indianapolis ("Defendants"), by counsel, and in answer to Plaintiff's First Amended Complaint state as follows:

**COMPLAINT**

**I. Nature of Case**

1.    This lawsuit seeks money damages against an Indianapolis Metropolitan Police Department Officer for shooting an unarmed man in the back.

**ANSWER:** Defendants admit that Plaintiff is seeking money damages in connection with a police shooting in which Plaintiff was struck in the back by a bullet. Defendants admit that after the shooting it was discovered that Plaintiff was unarmed. Defendants deny all other allegations expressed or implied in paragraph 1 of Plaintiff's First Amended Complaint.

**II. Jurisdiction and Venue**

2.    This action is brought pursuant to 42 U.S.C. § 1983 and is premised on a violation of the fourth amendment to the United States Constitution.

**ANSWER:** Defendants admit that Plaintiff brings this action under 42 U.S.C. § 1983 and claims that his Fourth Amendment rights were violated, but deny that Plaintiff's Fourth Amendment rights were violated.

3.      This Court has original subject matter jurisdiction of the federal question presented pursuant to 28 U.S.C. §§1331 and 1343.

**ANSWER:** Defendants admit that this Court has original subject matter jurisdiction over the federal claim presented, but deny that claim.

4.      Venue is proper in this Court and Division, pursuant to 28 U.S.C. §1391, because the events giving rise to this action occurred in, and the defendant is a resident of, Indianapolis, Indiana, which is located in the Indianapolis Division of the Southern District of Indiana.

**ANSWER:**  Defendants admit that venue is proper in the Indianapolis Division of the United States District Court for the Southern District of Indiana.

### III. Parties

5.      Plaintiff Gerald Cole is an adult resident of Indiana.

**ANSWER:**  Based on information and belief, Defendants admit the allegations in paragraph 5 of Plaintiff's First Amended Complaint.

6.      Defendant James Perry is an adult resident of Indiana and is a law enforcement officer employed by the City of Indianapolis through its Indianapolis Metropolitan Police Department.  Defendant Perry is sued in his individual capacity on plaintiff's federal claim only.

**ANSWER:** Defendants admit the allegations in paragraph 6 of Plaintiff's First Amended Complaint and acknowledge that Plaintiff is suing only James Perry in his individual capacity with respect to Fourth Amendment claim asserted in paragraph 26 below, but deny that James Perry violated Plaintiff's Fourth Amendment rights.

7.      Defendant City of Indianapolis is located in Marion County, Indiana, and is a political subdivision of the State of Indiana. The municipal defendant is sued only on plaintiff's state law claims and only for compensatory, not punitive, damages.

**ANSWER**:  Defendants admit the allegations in paragraph 7 of Plaintiff's First Amended Complaint and acknowledge that Plaintiff is suing the City for battery as asserted in paragraph 27 below, but deny any wrongdoing towards or with respect to Plaintiff for which it can be held vicariously liable.

## IV.  Facts

8.      On October 19, 2016, Gerald Cole was in a car across from his residence at 35 N. Denny Street in Indianapolis, Indiana.

**ANSWER:**  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 8 of Plaintiff's First Amended Complaint and, therefore, deny the allegations.

9.      IMPD officer James Perry was dispatched to the Denny street address on a report of a disturbance.

**ANSWER:**  Defendants admit that James Perry was dispatched to the Denny street address, but deny he was dispatched on a report of a "disturbance."

10.     Officer Perry parked in front of the residence, exited his car, and confronted Stephen Cole, who was in front of the residence on the sidewalk and who was carrying a box of perishable food items to be donated to a local food pantry.

**ANSWER:**  Defendants admit that Officer Perry parked in front of the residence and exited his car.  Defendants deny that he "confronted" Stephen Cole, but admit that he spoke with Stephen Cole on the public sidewalk in front of the residence. Defendants admit that Stephen Cole was

3

carrying a box, but lack knowledge or information sufficient to form a belief about the truth of the allegation that the box contained perishable food items to be donated to a local food pantry and, therefore, deny that allegation.

11.    Gerald Cole and Stephen Cole are brothers and both live at the Denny Street residence.

**ANSWER:**   Based on information and belief, Defendants admit that Gerald Cole and Stephen Cole are brothers. Defendants deny that they both lived at the Denny Street residence on October 19, 2016.

12.    Officer Perry ordered Stephen Cole to put the box down, which he did.

**ANSWER:**  Defendants admit the allegations in paragraph 12 of Plaintiff's First Amended Complaint.

13.    Stephen Cole was standing in his front yard, and Officer Perry ordered him to sit down on the ground.

**ANSWER:**  Defendant admit the allegations in paragraph 13 of Plaintiff's First Amended Complaint.

14.    Stephen Cole objected to sitting on the ground, as he had done nothing wrong and was not under arrest.

**ANSWER:**    Defendants admit that Stephen Cole objected to sitting on the ground. Defendants deny that Stephen Cole had done nothing wrong.  Defendants admit that Stephen Cole was not under arrest at that point, but he had been told that he needed to sit pending further investigation of the complainant's complaint.

15.    Officer Perry then entered the Cole's front yard, approached Stephen Cole, took him to the ground, got on top of him, and threatened to hit him.

**ANSWER:**  Defendants admit that Officer Perry entered the front yard of the property, approached Stephen Cole, and took him to the ground. Defendants deny that he got on "top" of Stephen Cole. Defendants deny that Officer Perry threatened to hit Stephen Cole.

16.    Gerald Cole witnessed this unwarranted battery, approached the two, and attempted to push Officer Perry off his brother.

**ANSWER:**  Defendants lack knowledge or information sufficient to form a belief as to what Gerald Cole thinks he witnessed, but deny that Officer Perry battered Stephen Cole. Defendants admit that Gerald Cole approached Officer Perry as he was engaged with Stephen Cole, but deny that he was "on" Stephen Cole and further deny that Gerald Cole attempted to push Officer Perry off of Stephen Cole.

17.    Gerald Cole then saw Officer Perry reach for his gun, so Gerald ran away.

**ANSWER:**  Defendants deny the allegations in paragraph 17 of Plaintiff's Complaint.

18.    When Gerald Cole was approximately 25 feet away from the officer, Officer Perry shot twice, hitting Gerald once in the arm, and once in the back.

**ANSWER:**  Defendants admit that Officer Perry shot Gerald Cole twice, hitting him once in the arm and once in the back, but deny that Gerald Cole was approximately 25 feet away when Officer Perry fired his weapon.

19.    Neither Gerald Cole nor Stephen Cole were armed.

**ANSWER:**  Defendants admit that after the shooting it was discovered that neither man was armed.

20.    Gerald Cole was transported from the scene by ambulance.

**ANSWER:**  Defendants admit the allegations in paragraph 20 of Plaintiff's First Amended Complaint.

21.     The bullet in Gerald Cole's back remains lodged near his spine, and as a result of the shooting, Gerald Cole is paralyzed from the waist down.

**ANSWER:**  Defendants lack knowledge of information sufficient to form a belief about the truth of the allegations in paragraph 21 of Plaintiff's First Amended Complaint and, therefore, deny those allegations.

22.     Gerald Cole has experienced and will experience in the future physical pain and suffering, permanent disability, emotional pain and suffering, loss of potential income, reduced quality of life, shortened life expectancy, and medical and rehabilitative costs and expenses.

**ANSWER:**  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 22 of Plaintiff's First Amended Complaint and, therefore, deny those allegations.

23.     At all times relevant to this suit, Officer Perry was employed by the City of Indianapolis and acted within the scope of his employment as an officer of the Indianapolis Metropolitan Police Department.

**ANSWER:**  Defendants admit the allegations in paragraph 23 of Plaintiff's First Amended Complaint.

24.     At all times relevant, Officer Perry acted under color of state law.

**ANSWER:**  Defendants admit the allegations in paragraph 24 of Plaintiff's First Amended Complaint.

25.     Plaintiff properly served a tort claim notice on the Defendant City of Indianapolis on November 10, 2016.  As no response has been received as of the date of filing of the Amended Complaint, the tort claim has been constructively denied.

**ANSWER:** Defendants admit the allegations in paragraph 25 of Plaintiff's First Amended Complaint.

## V. Claims

26.     The actions of Defendant Perry constituted an unlawful seizure of Gerald Cole by the use of deadly force, in violation of the fourth amendment to the United States Constitution, actionable pursuant to 42 U.S.C.§1983.

**ANSWER:** Defendants deny the allegations in paragraph 26 of Plaintiff's First Amended Complaint.

27.     The actions of Defendant Perry constituted a battery in contravention of Indiana common law to which the City of Indianapolis is answerable under the Indiana Tort Claims Act, Ind. Code 34-13-3 *et seq.*

**ANSWER:** Defendants deny the allegations in paragraph 27 of Plaintiff's First Amended Complaint.

28.     Defendant City of Indianapolis is legally responsible under state law for its own actions, and, under the doctrine of *respondeat superior,* for the actions of its employees, including the actions of Officer Perry in shooting Gerald Cole.

**ANSWER:** Defendants deny the allegations in paragraph 28 of Plaintiff's First Amended Complaint.

29.     Plaintiff reserves the right to proceed with any and all claims, which the facts averred in this Complaint support, pursuant to the notice pleading requirement of Federal Rule of Civil Procedure 8.

**ANSWER:**  Defendants deny that Plaintiff can, through the assertion in paragraph 29 of Plaintiff's First Amended Complaint, reserve the right to proceed on claims not properly pleaded in this complaint.

## VI.  Jury Trial Requested

30.   Gerald Cole requests a jury trial on his claims.

**ANSWER:**  Defendants admit that Plaintiff has requested a jury trial.

31.   Plaintiff reserves the right to assert all legal theories of relief which the facts support pursuant to the pleading requirements of Fed. R. Civ. Pro. 8.

**ANSWER:**  Defendants deny that Plaintiff can, through the assertion in paragraph 31 of Plaintiff's First Amended Complaint, reserve the right to proceed to trial on claims not properly pleaded in this complaint.

## VII.  Relief Requested

32.   Gerald Cole seeks all relief available under the law, including compensatory and punitive damages, attorney fees and costs, and all other appropriate relief.

**ANSWER:**  Defendants deny that Plaintiff is entitled to any relief.

## AFFIRMATIVE DEFENSES

1.   Plaintiff's First Amended Complaint fails to state a claim upon which relief can be granted.

2.   Plaintiff may not be the real party in interest and may lack prudential standing to assert the claims herein.

3.   James Perry is entitled to qualified immunity.

4.   Plaintiff has failed to mitigate his damages.

5.      To the extent that Plaintiff has received or does receive payments for his alleged injuries and damages, any such payments constitute satisfaction and must be set-off against any recoveries made in this litigation.

WHEREFORE, Defendants respectfully requests that: (a) the Court enter judgment in his favor and against Plaintiff; (b) that Plaintiff take nothing by way of his complaint; and (c) the Court grant Defendant all other relief just and proper in the premises.

Respectfully Submitted,


 /s/ *Pamela G. Schneeman*
Pamela G. Schneeman, (18142-53)
Deputy Chief Litigation Counsel
Office of Corporation Counsel
200 East Washington Street, Room 1601
Indianapolis, Indiana   46204
Telephone: (317) 327-4055
Fax: (317) 327-3968
E-Mail: Pamela.Schneeman@indy.gov

## CERTIFICATE OF SERVICE

I hereby certify that on March 27, 2017 a copy of the foregoing DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

**Richard A. Waples**
WAPLES & HANGER
410 N. Audubon Rd.
Indianapolis, IN 46219
rwaples@wapleshanger.com

**Andrew R. Duncan**
RUCKELSHAUS KAUTZMAN BLACKWELL BEMIS & HASBROOK
107 N. Pennsylvania Street
Suite 900
Indianapolis, IN 46204
ard@rucklaw.com

**Edward J. Merchant**
RUCKELSHAUS KAUTZMAN BLACKWELL BEMIS & HASBROOK
107 N. Pennsylvania Street
Suite 900
Indianapolis, IN 46204
ejm@rucklaw.com

**John F. Kautzman**
RUCKELSHAUS KAUTZMAN BLACKWELL BEMIS & HASBROOK
107 North Pennsylvania Street
Suite 900
Indianapolis, IN 46204
jfk@rucklaw.com

           _/s/ *Pamela G. Schneeman*
           Pamela G. Schneeman, (18142-53)
           Deputy Chief Litigation Counsel

OFFICE OF CORPORATION COUNSEL
200 East Washington Street, Room 1601
Indianapolis, Indiana 46204
Telephone: (317) 327-4055
Fax: (317) 327-3968