# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| GERALD COLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Cause No. 1:16-cv-3081-WTL-MJD |
| | ) |
| JAMES PERRY, and the | ) |
| CITY OF INDIANAPOLIS, | ) |
| | ) |
| Defendants. | ) |

## ENTRY ON PENDING MOTIONS AND OBJECTIONS

This cause is before the Court on the Defendants' motion on reconsider (Dkt. No. 195), both parties' motions in limine (Dkt. No. 171; Dkt. No. 179) and objections to exhibits and witnesses (Dkt. No. 185; Dkt. No. 187). The Court, being duly advised, rules as follows.

### I. MOTION TO RECONSIDER

The Court has "discretion to reconsider an interlocutory judgment or order at any time prior to final judgment." *Mintz v. Caterpillar Inc.*, 788 F.3d 673, 679 (7th Cir. 2015) (citations omitted). In that context, "'[a] judge may reexamine his earlier ruling . . . if he has a conviction at once strong and reasonable that the earlier ruling was wrong, and if rescinding it would not cause undue harm to the party that had benefited from it.'" *HK Sys., Inc. v. Eaton Corp.*, 553 F.3d 1086, 1089 (7th Cir. 2009) (quoting *Avitia v. Metropolitan Club of Chicago, Inc.*, 49 F.3d 1219, 1227 (7th Cir. 1995)).

The Defendants move to reconsider the Court's April 30, 2019, entry granting the Plaintiff's motion in limine, particularly regarding its ruling that the testimony of Sergeant Michael Daley, Lieutenant Dale True, and James Borden be excluded. Dkt. No. 181. The Defendants spend much of their motion arguing that the Court misapplied *United States v.*

*Brown*, 871 F.3d 532 (7th Cir. 2017), which the Court has already addressed. In addition, the Defendants argue that Court failed to address James Borden's testimony on "human behavior and human factors," and instead focused solely on behavioral science. The Court reminds the Defendants that according to their own documents, "[b]ehavioral science is a branch of science . . . that deals with human action and often seeks to generalize about human behavior in society," Dkt. No. 181 at 9 (quoting Dkt. No. 116 at 12) (internal quotation marks omitted). The Defendants, however, make two arguments that the Court will address.

### A.  *Relevancy of Sergeant Daley and Lieutenant True's Testimony*

The Defendants challenge the Court's prior ruling and argue that the testimony of Sergeant Daley and Lieutenant True should be permitted for the following reasons:

> The defense experts will assist the jury in the following ways: 1) The jury will understand the details and training involved specific to each material stimulus that presented itself to Officer Perry, and 2) the jury will learn the appropriate responses taught to an officer given each variable presented. The facts of this case involve peculiar circumstances that police officers are trained to face and react to in an environment that is tense, uncertain, and rapidly evolving. Officer Perry was in the process of detaining a contentious and uncooperative suspect and was suddenly attacked by a second individual without warning. Officer Perry retained his weapon from his attacker and used deadly force to stop a perceived deadly force attack. Officer Perry was not faced with a simple punching and kicking encounter. Given the fluid and dynamic circumstances faced by Officer Perry, it cannot be said that the average juror has the common knowledge or experience to analyze what an officer would do when faced with a set of circumstances that were the same or similar to those faced by Officer Perry.

Dkt. No. 195 at 9-10 (footnote omitted). However, as the Court has previously noted, "'[t]he excessive-force inquiry is governed by constitutional principles, not police-department regulations. An officer's compliance with or deviation from departmental policy doesn't determine whether he used excessive force.'" Dkt. No. 181 at 5 (quoting *Brown*, 871 F.3d at 536-37). With this standard in mind, to the extent that the Defendants' proposed testimony is relevant, its relevancy would be outweighed by the prejudicial impact of allowing the proposed

2

testimony. *See* Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."). Testimony addressing whether Defendant Perry acted in accordance with IMPD training and policy would potentially confuse the jury, which should instead focus on the question of whether Defendant Perry complied with the Fourth Amendment. *Id*. Additionally, this question would likely also distract the jury from the factual disputes at issue in this case.[1] *Id*. Therefore, the Court again concludes that the exclusion of this testimony from the Defendants' case in chief is proper.

### B.   Intent

For the first time, the Defendants raise the argument that the proposed expert testimony regarding IMPD training and use of force policies is relevant to whether Defendant Perry acted with the necessary intent required for punitive damages. Dkt. No. 195 at 7; *see also Smith v. Wade*, 461 U.S. 30 (1983) (holding that punitive damages are permitted under 42 U.S.C. § 1983 "when the defendant's conduct is shown to be motivated by evil motive or intent"). The Court agrees with this argument to a very limited extent.

When considering the question of Defendant Perry's intent, what matters is not whether Defendant Perry acted in accordance with his training or IMPD use of force policies, but rather whether Defendant Perry *believed* he was acting in accordance with his training or IMPD use of force policies. Were Defendant Perry to testify to his belief that he was acting in accordance

---

[1] The Defendants also argue that the IMPD training policies should be given additional weight because they are not "purely localized" and thus have greater weight in considering the constitutional standard. The Court notes that the Defendants did not propose these experts as experts on national training and use of force policies, and that, in any case, the Court's concerns about prejudice outweighing relevancy still stand. Fed. R. Evid. 403.

3

with such training and policies, the Plaintiff would be allowed to rebut such assertions with evidence that Defendant Perry was not acting in accordance with the training and policies and that therefore such a believe would not be reasonable. Were that to occur, the Defendants would be allowed to introduce expert testimony from Lieutenant True or Sergeant Daley regarding IMPD training and use of force policies to rebut the Plaintiff's rebuttal.

## II. THE MOTIONS IN LIMINE

As an initial matter, the Court notes that the granting of a motion in limine is not a final ruling regarding the admissibility of the evidence at issue. Rather, it simply prohibits any party from eliciting testimony regarding or otherwise mentioning an issue during trial without first seeking leave of Court outside of the presence of the jury. Therefore, a party who wishes to elicit testimony or introduce evidence regarding a topic covered by a motion in limine that has been granted should request a sidebar conference during the appropriate point in the trial, at which time the Court will determine how best to proceed. Parties should always err on the side of caution and interpret rulings on motions in limine broadly, requesting a bench conference before eliciting testimony or offering evidence that is even arguably covered by a ruling in limine and avoiding mention of such topics during voir dire, opening statements, and closing argument. Counsel shall also carefully instruct each witness regarding subjects that should not be mentioned or alluded to during testimony unless and until a finding of admissibility is made by the Court. Finally, if a motion in limine regarding a topic has been granted as to one party, it shall be treated as being granted regarding all parties.

### A. The Defendants' Motion in Limine and Objections

The Plaintiff has not objected to the Defendants' motion in limine regarding the following topics, which, accordingly, are **GRANTED**:

- Media reports regarding the incident at issue in this case;
- Other lawsuits against Defendant City of Indianapolis; and
- The $700,000 cap on battery damages against the Defendant City of Indianapolis, as well as indemnification.

Neither party shall elicit testimony regarding, offer evidence relating to, or otherwise mention the topics listed above without first requesting a sidebar.

The Defendants move to limit the Plaintiff's proposed references, evidence, and testimony regarding Defendant Perry's other use of force incidents and other lawsuits against Defendant Perry. The Court **GRANTS** these motions. Testimony and evidence regarding the other use-of-force incidents have the potential to create a mini-trial regarding each specific incident. Furthermore, the Court notes that the other lawsuits have yet to be adjudicated, and introduction of the fact of the lawsuits alone has little probative value and could unduly prejudice the jury. Finally, while the Court understands that repeated conduct can be grounds for punitive damages, the other incidents, two alleged tackling incidents and one alleged "abuse of power," are not so similar as to offer enough probative value to not be outweighed by the potential for unfair prejudice. Fed. R. Evid. 403. The Court reminds the parties, however, that this is an initial ruling that may be revisited as appropriate.

The Defendants also move to prevent the Plaintiff from commenting on other high-profile allegations of law enforcement misconduct. This motion is **GRANTED**. The Defendants' actions are to be adjudicated on their own merits, and other high-profile allegations of police misconduct are irrelevant to this case. Furthermore, even were there some relevancy to such statements, they present too great a risk for unfair prejudice. Fed. R. Evid. 403.

Next, the Defendants move to exclude references, evidence, or testimony regarding the lack of body cam video footage for the use of force incident between the Plaintiff and Defendant

Perry. The Court **GRANTS** this motion because it is unclear how such evidence would be relevant.

The Defendants move to prevent the Plaintiff from offering undisclosed expert testimony, namely to prevent the Plaintiff's medical providers from offering expert testimony, and from offering inadmissible evidence. There is nothing before the Court to indicate that the Plaintiff intends to offer undisclosed expert testimony from the witnesses or inadmissible evidence. The Court nevertheless **GRANTS** these motions, in that the Court will enforce the applicable Federal Rules of Civil Procedure.

The Defendants also move to prevent the testimony of allegedly improperly disclosed witnesses, namely Dr. Hristos Kaimatkliotis, Nurse Practitioner Dana Mathews, and Dr. Michael Guzman. The Court notes that this motion was largely resolved by the Court in a prior entry, Dkt. No. 166, and **DENIES** the motion to prevent these witnesses from testifying.

The Defendants also move to exclude references, testimony, or evidence regarding the disposition of the criminal charges filed against the Plaintiff and Stephen Cole. The Court **DENIES** this motion because excluding such evidence likely would lead the jury to speculate about whether there were such charges and, if so, how they were resolved.

The Defendants move to prevent the Plaintiff from suggesting that the jury should "send a message" or "punish" the Defendants. The Court **DENIES** this motion, noting that the Federal Civil Jury Instructions of the Seventh Circuit explicitly note that the jury is to be instructed that punitive damages are used to punish defendants. *See* Federal Civil Jury Instructions of the Seventh Circuit § 7.28 ("The purposes of punitive damages are to punish a defendant for his or her conduct and to serve as an example or warning to Defendant and others not to engage in similar conduct in the future.").

The Defendants move to exclude references to attorney Leo Blackwell appearing at 35 N. Denny Street following the report of a police action shooting. This motion is **DENIED**. The Plaintiff argues that Mr. Blackwell's statements to investigators at the scene are admissible as the admission of a party opponent, Fed. R. Evid. 801(d)(2)(D), and the Court agrees. Furthermore, although the Defendants argue that such evidence should be excluded because the mere presence of a lawyer is irrelevant and that evidence regarding Mr. Blackwell's appearance at the scene is prejudicial, they also note that "Attorney Blackwell's presence on the scene and discharge of his duty as legal counsel to members of FOP #86, is a legitimate practice to ensure that Officer Perry's legal rights are protected." Dkt. No. 179 at 16. The Court agrees with the Defendants' assertion, and believes that this explanation can be presented to the jury.

The Defendants object to Dr. Jesse Savage's presenting evidence outside the scope of his summary disclosure detailing his examination, surgery, and opinion regarding the Plaintiff's spine and spinal cord, and Mary Cole's providing expert opinion testimony about the Plaintiff's medical conditions. There is nothing before the Court to indicate that the Plaintiff intends to offer such evidence, but the Court nevertheless **SUSTAINS** these objections, in that it will enforce the applicable Federal Rules of Civil Procedure.

The Defendants also object to the testimony of Robert Sandy. This objection was addressed in the Court's prior entry, Dkt. No. 166, and is **OVERRULED**. The Defendants' corresponding objection to Mr. Sandy's Present Value Computation is similarly **OVERRULED**.[2]

The Defendants also object to the fact that the Plaintiff has included "witnesses listed on any party's witness lists or listed in initial disclosures" on its witness list. This objection is

---

[2] The Court notes that the Defendants do not object to this exhibit on hearsay grounds.

**SUSTAINED**.  Similarly, the Defendants object to Exhibits 37 and 38, which are Defendants' exhibits and exhibits listed on the parties' preliminary and final exhibit lists and initial disclosures.  This objection is also **SUSTAINED**, with the exception that the exhibits on either party's trial exhibit list may be offered at trial by either party.

The Defendants object to the testimony of William Harmening, and the introduction of his corresponding exhibits.  For the reasons stated in the Court's prior ruling, Dkt. No. 181, these objections are **SUSTAINED**.  Similarly, the Defendants' objection regarding Nurse Shirley Daugherty is **OVERRULED** in accordance with that prior entry.  However, the Defendants also object to the introduction of Plaintiff's Exhibit 11, which contains Shirley Daugherty's Life Care Plan.  This objection is **SUSTAINED**.  Nurse Daugherty is permitted to testify, and to the extent that she testifies about charts, graphs, and tables she prepared, those materials could be introduced as evidence.  Her entire report, however, is not an appropriate exhibit.

Finally, the Court requires additional information regarding several of the Defendants' objections before it can resolve them.  Accordingly the Plaintiff is **ORDERED,** by **May 29, 2019**, to file a response to the Defendants' objections regarding: (1) Dr. Jesse Savage, Dr. Michael Guzman, and Dr. Hristos Kaimatkliotis testifying by deposition; (2) the testimony of Lin Smith; (3) the testimony of Chief Bryan Roach; (4) Plaintiff's Exhibits 5 and 6; (5) Exhibits 7, 8, and 9; (6) Exhibits 12, 13, and 14; (7) Exhibit 15; (8) Exhibit 22; (9) Exhibit 23-33; and (10) Exhibit 36.  Regarding Chief Bryan Roach, the Plaintiff is specifically **ORDERED** to provide the nature of Chief Roach's intended testimony.  Regarding Exhibits 5 and 6, the Plaintiff is specifically **ORDERED** to explain the exhibits' relevance and how a proper foundation for them will be established at trial.

      **B.**      **The Plaintiff's Motion in Limine and Objections**

The Plaintiff moves generally to exclude hearsay within the Defendants' exhibits and potentially proffered by the Defendants' witnesses. Motions in limine that merely recite the Federal Rules of Evidence are unhelpful; the Plaintiff may object to hearsay as it is presented at trial. Accordingly, this motion is **DENIED**. However, regarding the Plaintiff's more specific objections to Defendants' Exhibits 1-6 on these grounds, the Court **ORDERS** the Defendants to respond to this objection by **May 29, 2019**. The Court also **ORDERS** the Defendants to respond to the Plaintiff's filing regarding Defendants' Exhibit 1, Dkt. No. 200, by **May 29, 2019**.

The Plaintiff also moves to exclude the criminal histories of the Plaintiff, Stephen Cole, and Jessica Cole. Much of the Plaintiff's motion, however, is irrelevant because it seems to cite a prior version of the Defendants' exhibit list. Nevertheless, the Defendants to seek to introduce several felony convictions. The Court has reviewed the Defendants' proposed exhibits, and finds them likely to confuse the jury. Accordingly, the Court **ORDERS** that the Defendants file, by **May 24, 2019**, a proposed stipulation detailing the convictions they would seek to introduce should the proposed witnesses testify. This proposed stipulation should comply with Federal Rule of Evidence 609, and include the nature of the conviction and the date of the witness's conviction or release from confinement for it, whichever is later. The Plaintiff is **ORDERED** to file a response to the Defendants' proposed stipulation by **May 29, 2019**.

The Defendants do not respond to the Plaintiff's motion in limine to exclude evidence not known to Defendant Perry at the time of the shooting. Accordingly, this motion is **GRANTED**.

The Plaintiff has also filed an objection to the Defendants' Exhibits 14-20 and 23-25 as they related to Michael Fasano. As the Court has already excluded the testimony of Michael Fasano, Dkt. No. 181, this objection is **SUSTAINED**.

Relatedly, the Plaintiff also objects to Defendants' Exhibits 21 and 22, as they consist of life care plans that are based upon the Michael Fasano's projections for the Plaintiff's life expectancy. This objection is similarly **SUSTAINED**. However, the Defendants' life care plan expert, Carol White, may testify regarding her life care plan using life expectancies with a proper foundation in the record.

The Plaintiff also objects to Defendants' Exhibit 26, which consists of the Plaintiff's social security decision. This motion is **SUSTAINED**, as the potential prejudicial impact of introducing this evidence outweighs its probative value. Fed. R. Evid. 403.

Finally, the Plaintiff objects to Defendants' Exhibit 27. The Court does not have this exhibit in its possession, and **ORDERS** that the Defendants file this exhibit and respond to this objection by **May 29, 2019**.

### III.  CONCLUSION

For the reasons set forth, the Defendants' motion to reconsider, Dkt. No. 195, is **GRANTED** to the extent that the Court has considered the Defendants' arguments as set forth above, but **DENIED** in all other aspects. Both parties' motions in limine, Dkt. Nos. 171 and 179, and their objections, Dkt. Nos. 185 and 187, are **GRANTED IN PART** and **DENIED IN PART**.

The Defendants are **ORDERED** to respond to the Plaintiff's objections to Defendants' Exhibits 1-6 and 27, including the Plaintiff's additional filing regarding Exhibit 1, Dkt. No. 200, by **May 29, 2019**. The Court also **ORDERS** that the Defendants file Exhibit 27 by **May 29, 2019**.

The Plaintiff is **ORDERED,** by **May 29, 2019**, to file a response to the following objections regarding: (1) Dr. Jesse Savage, Dr. Michael Guzman, and Dr. Hristos Kaimatkliotis

10

testifying by deposition; (2) the testimony of Lin Smith; (3) the testimony of Chief Bryan Roach; (4) Plaintiff's Exhibits 5 and 6; (5) Exhibits 7,8, and 9; (6) Exhibits 12, 13, and 14; (7) Exhibit 15; (8) Exhibit 22; (9) Exhibit 23-33; and (10) Exhibit 36.  Regarding Chief Bryan Roach, the Plaintiff is specifically **ORDERED** to provide the nature of Chief Roach's intended testimony. Regarding Exhibits 5 and 6, the Plaintiff is specifically **ORDERED** to explain the exhibits' relevance and how a proper foundation for them will be established at trial.

Finally, the Court **ORDERS** that the Defendants file, by **May 24, 2019**, a proposed stipulation detailing the convictions they would seek to introduce should the proposed witnesses testify.  This proposed stipulation should comply with Federal Rule of Evidence 609, and include the nature of the conviction and the date of the witness's conviction or release from confinement for it, whichever is later.  The Plaintiff is **ORDERED** to file a response to the Defendants' proposed stipulation by **May 29, 2019**.

SO ORDERED: 5/22/2019

*[Signature: William T. Lawrence]*

Hon. William T. Lawrence, Senior Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification